**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:03-CR-103 |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Lee Patrick Farrell, ) | |
| ) | |
| Defendant. ) | |
| ) | |

A petition filed on September 19, 2012 (Doc. 81) alleges that Lee Patrick Farrell violated conditions of his supervised release. Chief District Judge Ralph R. Erickson referred the petition to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. 96) This Court held a hearing on the petition on October 30, 2012. At that hearing, Farrell admitted to the allegations of the petition, and the parties jointly recommended revocation of supervised release, imposition of a term of custody of nine months, and no additional period of supervised release. For the reasons discussed below, this Court's recommendation differs, in part, from the positions of the parties.

**FACTS**

Farrell's supervised release resulted from his guilty plea to the charge of possession of material involving the sexual exploitation of minors. On April 27, 2004, he was sentenced to incarceration for thirty-three months, followed by three years of supervised release. His supervised release was ordered to include a 90 day stay at a community corrections center.

Farrell's supervised release had an unpromising beginning; in April 2006, he arrived at Centre, Inc., to begin the required 90 day community corrections placement, with a "garbage bag

1

half-full of soft pornography as well as pictures of children in swimsuits." (Violation Report at 1). Conditions of supervision were then amended to prohibit possession of any sexually stimulating or sexually oriented material, and to prohibit patronizing any place where that material or entertainment was available.

About one month later, Farrell accessed websites which violated the prohibition, while using a computer at North Dakota Job Service. As a result, the supervising probation officer filed a petition. (Doc. 47) When Farrell was taken into custody on that petition, Centre, Inc., staff discovered letters in which Farrell inquired about obtaining a foreign exchange student. As a result of that May, 2006 petition, Farrell was ordered to complete a 180 day community corrections center placement, at Grand Forks County Correctional Center (GFCCC).

While serving his supervised release term, Farrell was charged and sentenced on a state crime, which involved sexual contact with a sixteen-year-old female. The criminal conduct had occurred prior to the federal crime. On October 20, 2006, Farrell was sentenced to five years at the state penitentiary, with two years suspended, followed by three years of supervised probation. On March 3, 2009, his state probation was revoked, because of his failure to follow recommendations of the penitentiary's Intensive Sex Offender Treatment Program. At the time of that revocation, he was found to possess pornographic material. The state court then sentenced Farrell to a term of five years incarceration, with credit for the three years previously served, followed by five years of supervised probation.

Farrell's federal supervised release term was tolled by the state sentence. The federal supervised release term resumed on October 12, 2010, when Farrell was released from state custody. Farrell was placed on GPS monitoring as a condition of his state probation, and he secured a residence in Grand Forks. From October 2010 until April 2011, Farrell worked at several temporary jobs, and at a more permanent restaurant job. That brief period, from October 2010 to April 2011, is the only time since December 2003 that Farrell has not either been incarcerated or in a residential corrections facility. Inappropriate behavior during that brief time period included again using the computer system at North Dakota Job Service to access websites that violated conditions of his

2

supervised release, possession of a prohibited cartoon during an office visit to the probation officer, and failing a polygraph exam that was part of his sex offender treatment program.

As a result of the failed polygraph exam, the probation officer conducted a search of Farrell's residence in February 2011. The search revealed binders containing approximately 300 pages of pornography and information about pornography. During the polygraph exam and search, Farrell admitted to having sexually assaulted other females in the past.

Another petition was filed in early 2011, and as a result, Farrell's supervised release was revoked on April 15, 2011. (Doc. 75) He was ordered incarcerated for eighteen months, followed by eighteen months of supervised release. The Bureau of Prisons (BOP) placed Farrell at GFCCC. While there, he wrote a letter to a fifteen-year-old female, attempting to initiate a relationship with her. Writing that letter resulted in loss of good time credits with the BOP, but his BOP term was completed on August 21, 2012, and he began the new, eighteen month supervised release term at that time.

Terms of the new supervised release term included a 90 day residential placement, for which Farrell was assigned to Lake Region Residential Reentry Center (LRRRC). LRRRC was the only facility the probation office was able to locate which would accept Farrell for placement.

Within ten days of beginning the new term of supervised release, Farrell violated its terms by hiding a cell phone in his room at LRRRC. Although he denied it initially, Farrell later admitted in a letter to the supervising probation officer that he had used the cell phone to access the internet, and that he had used the cell phone to access sites showing child pornography. The supervising probation officer submitted the cell phone to North Dakota Bureau of Criminal Investigation, but BCI was not able to recover the websites which Farrell had accessed with the cell phone.

## EVALUATIONS

The supervising probation officer arranged for an August 2012 psychological evaluation of Farrell, conducted by Donald Newberry, Ph.D. Dr. Newberry's September 11, 2012 report concluded:

> . . . There appears to be overwhelming evidence that Mr. Farrell's functioning is deteriorating, or at best, not improving. Data from Mr. Farrell's MMPI-2, clinical and psychosexual interview, and records suggests a pattern of chronic disregard for rules and limits. He tends to be impulsive, acting out in socially unacceptable ways. He has disclosed he has nine victims that he has perpetrated against sexually. Even while incarcerated and on supervised release, he continues to violate conditions of his probation, including, writing to a 15 year old girl (06/12) and, most recently, having a cell phone with internet access and accessing pornographic sites with minor subjects (08/12). Data also indicated that Mr. Farrell may exhibit a pattern of superficial guilt, remorse, and negative self-evaluation following episodes of acting out but that the self-blame does not seem to alter his impulsive behavior. There is evidence that he frequently repeats the pattern, either not seeming to learn from his past or hoping to get away with it.
>
> . . .
>
> Based on results of the STATIC-99, his risk level is Moderate-Low. It is believed that this is a [sic] under representation based on the above listed factors. [Those factors, identified earlier in Dr. Newberry's report, included: intimacy deficits in estrangement from his wife and little contact with his family, social influences in that the one person which whom he stays in contact is someone from his sex offender group, general self-regulation in continually violating his probation, and opportunities for victim access in the community and on the internet.] Mr. Farrell admits he has had sexual contact with minor females but it does not seem that he sees this as a problem. His ability to take responsibility for his actions is low.

Dr. Newberry made the following recommendations:

> 1. Mr. Farrell needs a highly structured setting, where he will be closely monitored and receive sex offender treatment, such as civil commitment. He needs a setting that does not allow contact with adolescent females.
>
> 2. Computer usage, pen pal relationships, video game systems, and collecting of pictures of adolescent/children need to be prohibited. The use of a cell phone, without internet access, if allowed, should be closely monitored.

The supervising probation officer reported that BOP determined that Farrell did not meet criteria for a "sexually dangerous person."

## GUIDELINES POLICY STATEMENTS

At the time of original sentencing, Farrell was in Criminal History Category I. The violations of supervised release to which he has admitted are of Grade C. Under those circumstances, U.S.S.G. § 7B1.4(a) suggests that, if release is revoked, there be a term of incarceration of three to nine months, followed by a term of supervised release of twelve months.

## PARTIES' POSITIONS ON DISPOSITION

The parties both recommend that Farrell's release be revoked, that he be incarcerated for nine months, and that no additional term of supervised release be ordered after the period of incarceration. That recommendation is based on a perception of "not getting anywhere with supervision," and an unlikelihood that Farrell will follow conditions of supervised release.

Farrell points to his admission, albeit belated, of the most recent violations. In fact, Farrell's admissions in his recent letter to the supervising probation officer included additional criminal conduct of which the supervising probation officer had not been previously aware. Farrell requests that the Court recommend to BOP that Farrell be placed locally, since he has recently begun to form a stronger relationship with his father, who lives in Grand Forks.

## DISCUSSION

Farrell has shown only minimal attempts to follow conditions of supervision. He has repeatedly engaged in conduct similar to that involved in the underlying offense. His recent psychological evaluation demonstrates that he continues to pose a significant risk of victimizing minors. Farrell's repeated disregard for his conditions of supervised release justifies revocation, and imposition of a term of custody at the high end of the guidelines' suggestions, as the parties have agreed.

Because of his significant risk of re-offending, this Court disagrees with the parties' positions that no additional term of supervised release should be ordered. Under some circumstances, it may be appropriate to order a term of custody at the high end of the guidelines rather than to order a shorter custody term and an additional term of supervision. In this Court's opinion, the circumstances of Farrell's repeated and serious violations justify both a term of custody at the high end, and an additional term of supervised release.

## RECOMMENDATIONS

This Court recommends that the District Judge find that Farrell violated conditions of supervised release, as alleged in the petition. This Court further recommends that Farrell's supervised release be revoked, and that he be ordered to serve a term of custody of nine months, followed by an additional term of supervised release of one year. Farrell has been in custody because of the petition since September 19, 2012, and he should be given credit for that time in custody. Placement that would facilitate contact with his father should be recommended to BOP.

## OPPORTUNITY FOR OBJECTIONS

The parties are advised that they may file objections to this Report and Recommendation within the time allowed by Local Rule. In the event there is no objection, the parties should advise the District Judge, so that an order can be issued prior to expiration of the time for filing objections.

Dated this 7th day of November, 2012.

                                         */s/ Alice R. Senechal*
                                         Alice R. Senechal
                                         United States Magistrate Judge